E. T. JONES v. J. H. HICKEY *et ux.*

E. T. JONES v. J. L. GIBBONS *et ux.*

No. 15,765.

SYLLABUS BY THE COURT.

| | |
|---|---|
| 80 ' | 109 |
| e80 | 153 |
| e80 | 177 |
| 80 | 178 |
| d80 | 180 |
| f80 | 797 |
| f80 | 799 |

| | |
|---|---|
| 80 | 109 |
| j81 | 469 |
| 82 | 121 |

1. CONSTITUTIONAL LAW—*Retroactive Laws—Changing a Rule of Evidence.* By the enactment of chapter 373 of the Laws of 1907 the legislature altered the rule of evidence as it then existed forbidding the introduction of parol or other proof to amend or correct the sheriff's return in proceedings to forfeit school-land, and provided that if the return shows that the notice was posted in the office of the county clerk it shall be *prima facie* evidence of legal service notwithstanding the omission therein of recitals required by law. *Held,* that it was competent for the legislature to provide what shall be *prima facie* evidence of legal service, and that this provision of the act is not objectionable on the ground that it disturbs vested rights.

2. SCHOOL-LAND—*Forfeiture—Sheriff's Return—Parol Evidence.* In an action to recover possession of school-land, where the defendants claimed rights as new purchasers, the plaintiff, after proving a *prima facie* case for himself, offered in evidence the records of the county clerk showing an attempted forfeiture of his interest. The sheriff's return was defective in failing to state that no one was in possession of the land. The plaintiff supplied the omission in the recitals of the return by offering oral proof that the land had never been occupied by any one. *Held,* that the provisions of chapter 373 of the Laws of 1907 apply, and that the plaintiff thereby established a *prima facie* showing of a valid forfeiture, which defeated his right to recover, and a demurrer to the evidence was rightly sustained.

Error from Seward district court; WILLIAM H. THOMPSON, judge. Opinion filed May 8, 1909. Affirmed.

*George F. Beatty,* and *D. R. Hite,* for the plaintiff in error.

*Thomas A. Scates,* and *Albert Watkins,* for the defendants in error.

The opinion of the court was delivered by

PORTER, J.: These are actions in ejectment, brought by E. T. Jones to recover two quarter-sections of land in Seward county. The petitions were in statutory form. The answers admitted the possession of the defendants and denied the other averments. The actions were consolidated and tried as one. At the close of plaintiff's evidence the court sustained a demurrer thereto, and gave judgment against him in favor of defendants. He brings error.

The land was school-land which was sold by the state in 1885 under regular school-land contracts. The plaintiff by assignment of the contracts became the owner of the land. He paid the annual instalments of interest and taxes until 1893, when he made default, and no payments were made thereafter. At the trial he offered proof that he was the owner of the certificates and had paid some of the instalments of interest and taxes, and that in July, 1907, he tendered to the county treasurer the amount due on the contracts, which the treasurer refused to accept. Plaintiff testified that he had never been in Seward county from the time the contracts were assigned to him in 1886 until 1907; that the land was unoccupied at the time he purchased it, and had never been occupied since. He then offered in evidence the records of the office of the county clerk showing an attempt to forfeit his interest in the land. This evidence was offered on the theory that it showed defective and void proceedings. It consisted of copies of notices of default issued by the county clerk and served by the sheriff as a basis for forfeiture. The return showing the manner of service on each notice reads as follows:

"Received this notice this 13th day of June, 1899, and served the same by going upon the land within described and finding no person in possession, and, the premises having the appearance of being wholly

abandoned, I posted a copy of said notice in a conspicuous place in the county clerk's office at Liberal, Kan., June 18, 1899; the within-named C. W. Kuri and E. T. Jones can not be found in my county."

After the introduction of this evidence the plaintiff rested. The demurrer was sustained, not because of lack of proof, but on the theory that the plaintiff had destroyed his *prima facie* title by showing that his contract had been forfeited; in other words, that he had proved too much.

The determination of the question involves a consideration of the effect of chapter 373 of the Laws of 1907. At the time the act was passed it had been settled by numerous decisions of this court that where the notice issued by the clerk and the sheriff's return failed to show legal service in one of the ways provided by the statute no forfeiture of school-lands based thereon was valid. If the notice itself was defective in a material matter, or the officer's return failed to state facts showing a legal service, the proceedings were held void, and it was not competent to amend the notice or return by oral evidence or other proof. (*Knott v. Tade,* 58 Kan. 94; *Furniture Co. v. Spencer,* 59 Kan. 168; *True v. Brandt,* 72 Kan. 502; *Phares v. Gleason,* 73 Kan. 604; *Spencer v. Smith,* 74 Kan. 142.) In the last-named case Mr. Chief Justice Johnston, speaking for the court, said:

"The basis of a forfeiture is the notice and the return of service. It rests upon written evidence of official action, and is not left to the uncertain recollection of officers who may be asked eight years afterward what steps toward a forfeiture were in fact taken. As was said in *Knott v. Tade,* 58 Kan. 94, jurisdiction must affirmatively appear, and 'the notice and the return . . . are jurisdictional.' (Page 96.) These are to be found in the county clerk's office, and to them any interested party may look to determine the status of the land. An examination of the notices issued in this case, and the returns of service made thereon, would have disclosed to the purchaser as well as to the

officers or a proposed purchaser that the proceedings were invalid. The jurisdiction can not be supplied by oral proof or an attempt in this proceeding to amend the returns made in the forfeiture proceedings." (Page 146.)

Here the notice was in proper form, except that in addition to stating the amount of interest in default it stated that the principal itself was due. This defect was not material, for the statement with respect to the principal was mere surplusage. The return of the officer, however, was defective under the rule declared in *Knott v. Tade,* 58 Kan. 94, and *True v. Brandt,* 72 Kan. 502, for the reason that it failed to state as a fact that no person was in possession. The statement that the premises appeared to be wholly abandoned added nothing to the return. The statute prescribes that where no one is in possession of the land the notice may be posted in the office of the county clerk, but there is no provision for such posting of the notice when the premises merely have the appearance of being abandoned. It is obvious that the forfeiture proceedings under the decisions referred to would have been held void. It is contended by defendants that plaintiff cured the defective return by offering proof that in fact the land was unoccupied; that the provisions of the law of 1907 render such proof competent; and, further, that under that act the notice and return themselves were *prima facie* evidence of legal service.

By the enactment of chapter 373 of the Laws of 1907 the legislature altered the rule of evidence as it stood at the time the decisions to which we have referred were made. The title to the act in question reads:

"An act relating to the forfeiture of the right and interest of certain purchasers in and to school-lands, prescribing the manner in which such forfeiture may be shown, and limiting the time within which actions may be brought by such purchasers to recover such lands, or for the determination of their interest therein."

The preamble recites that school-lands in· various counties were sold to purchasers whose interests were subsequently declared forfeited and the lands afterward sold to new purchasers; that in many cases full and correct records have not been made by the county clerk and sheriff showing the proceedings upon which the forfeitures were based, and that these things prejudiced the rights of the new purchasers.    Section 2 of the act provides:

"The return of the sheriff on any notice issued by the county clerk to the purchaser of school-lands of his default shall not be held to show an insufficient or invalid service because of the omission of any recitals required by law to show legal service; but if, notwithstanding such omissions, such return shows that service of such notice was made by posting a copy thereof in the office of the county clerk, such return shall be *prima facie* evidence, in any action or proceeding in any court in this state, that the persons upon whom such notice was to be served could not be found in the county, that no person was in possession of the land described in the notice, and that a copy of such notice was posted in a conspicuous place in the office of the county clerk.    Any statement in such return, other than that the notice was posted in the office of the county clerk, shall not destroy the *prima facie* effect as evidence of so much of the return as shows a posting of the notice in the office of the county clerk, unless such additional matter affirmatively shows that legal service was not made; and in that case, or in any case where the sheriff's return fails to show legal service, parol and other evidence may be introduced to prove that in fact legal service of the notice was made."

A consideration of the entire chapter makes it· apparent that it was intended to apply only in cases where there had been an attempt to forfeit the rights of the original purchaser and the land had been sold to a new purchaser.    There is nothing in the pleadings or the evidence in this case from which it can be inferred that the defendants claim such rights.    The answer simply · admits that they are in possession.    The provisions of

8—80 KAN.

the new law, therefore, would not affect the case but for the fact that the plaintiff in his brief admits that defendants are in possession, claiming rights as new purchasers. The effect of the admission is to make the act of 1907 controlling. Section 2 of the act provides that if the sheriff's return shows that the notice was posted in the office of the county clerk it shall be *prima facie* evidence of legal service, notwithstanding the omission of recitals required by law. Besides, plaintiff's evidence supplied the omission by proof of the existence of the very facts required to make the service valid. He had made out a *prima facie* case for himself when he proved the original contracts, that they were assigned to him, that he paid interest and taxes, and had tendered to the county treasurer the amount remaining due. When he went further and showed the proceedings purporting to forfeit his interests, that the notice, properly issued, was posted in the office of the county clerk, that the land was unoccupied and therefore no one was in possession, he established a *prima facie* showing of a valid forfeiture, which defeated his right to recover. The demurrer was, therefore, rightly sustained.

The plaintiff contends, however, that it was not competent for the legislature by the enactment of this later law to change or alter his vested rights. He insists that the law as it stood at the time the original contracts were made became a part of the contracts. The answer is that nothing has been changed except a rule of evidence, and a vested right in that is something which the law refuses to recognize. (*Sanders v. Greenstreet*, 23 Kan. 425; *Wheelock v. Myers*, 64 Kan. 47, 51; 6 A. & E. Encycl. of L. 950; Cooley's Const. Lim., 7th ed., pp. 405, 524.) The principle underlying the former decisions is that, as forfeitures are not favored, the original purchaser can not be deprived of his vested rights in the land except upon a showing of strict compliance with all the statutory requirements; therefore

no presumption of regularity in the acts of the officers should be indulged for the purpose of establishing a forfeiture, and the written returns and records could not be amended by parol proof. It can not be doubted that it was within the power of the legislature' to change the rule of evidence and declare what should constitute a *prima facie* showing of legal service of the notice. (*Mo. Pac. Rly. Co. v. Merrill,* 40 Kan. 404; *The State v. Sheppard,* 64 Kan. 451.)

The wisdom or expediency of the change allowing the vested rights of the landowner to be forfeited on the naked presumption that the officers have performed their official duty, or upon amendments made to the written return resting on the uncertain recollection of witnesses years after the event, is a question with which the courts have no concern. The judgment is affirmed.