Z. T. WALROND *et ux., Appellants,* V. ELMER E. NOYES *et al., Appellees.*

No. 16,411.

SYLLABUS BY THE COURT.

1. SCHOOL LAND—*Forfeiture—Defective Return of Service of Notice—Parol Evidence.* A purchaser of school land made default in payment and the state took the statutory steps to declare a forfeiture of the contract. After forfeiture the land was sold to other purchasers, who went into possession and made improvements upon the land. After the lapse of more than ten years the first purchaser made a tender of the amount due upon his contract, which was refused. He then commenced an action of ejectment to recover the possession of the land from the second purchasers, upon the ground that the forfeiture proceedings were void. The forfeiture was claimed to be invalid because the return of the sheriff did not show a full compliance with the statute as to the service of notice. Upon the trial the court permitted the sheriff to state orally what he actually did in making such service, whereby the defect in the return was cured and the service was shown to be sufficient. *Held,* that the oral evidence was properly admitted.

2. ———— *Description of Land in Return of Notice of Forfeiture.* Where in such a case the sheriff's return describes the land where notice of forfeiture was served as the "S. W. S. W. 36-9-13," such description does not render the service void, where the notice upon which the return is written contains an accurate description of the land, to which the return refers as the "within-named" land.

3. ———— *Record of Forfeiture Proceedings—Prima Facie Evidence of a Forfeiture.* Where the county clerk keeps a book in his office in which school lands sold are recorded and in which forfeitures are noted, and there are notations in such record opposite lands described therein which read, "Notice issued December 2, 1895," and "Forfeited February 23, 1896,"

such notations are *prima facie* evidence that such lands were forfeited at the date stated.

4. ———— *Retrospective Law — Validity.* Chapter 373 of the Laws of 1907 was intended to operate retroactively, and is not void for that reason.

Appeal from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed March 12, 1910. Affirmed.

### STATEMENT.

THIS is an action of ejectment. The plaintiffs owned a section of school land in Osborne county and occupied and improved the same until 1889, when they removed to Oklahoma. They continued to control and rent the land until 1893. After this date the interest due the state and the taxes were not paid. In December, 1895, proceedings were had to forfeit the sale, and the land was sold by the state to other purchasers, who took possession of the land and have ever since occupied and claimed the same under such purchase.

On May 11, 1907, the plaintiffs tendered to the county treasurer of Osborne county the full amount due upon their certificate of purchase up to that date, which tender was by the treasurer refused.

Afterward the plaintiffs commenced actions of ejectment and for rents and profits against the purchasers of the land, and these actions were subsequently consolidated into this action and were tried as one case. The trial was to the court, without a jury. Findings of fact and conclusions of law were filed by the court, but on account of their length and the unimportant history of the case recited therein it is not practicable to give them in full here. The court decided in favor of the defendants, and the plaintiffs have appealed.

*J. K. Mitchell,* and *F. T. Burnham,* for the appellants.

*C. H. Nicholas, N. C. Else,* and *S. N. Hawkes,* for the appellees.

The opinion of the court was delivered by

GRAVES, J.: The first and principal claim made by the plaintiffs is that the forfeiture proceedings were insufficient. The return of the sheriff showing the service of notice omitted to state all that was done by him in making service, and the court permitted his deposition to be read stating more in detail how and where the notices were posted and that no person was upon the premises. The notices were served by him in December, 1895, about thirteen years before this trial. The return of service made by the sheriff reads:

"RETURN. Received this notice this 2d day of December, 1895, and served the same by posting notice, also posting copy on the within-named .S. W. S. W. 36-9-13. December 3, 1895.

G. B. RUGGLES, *Sheriff*."

A separate notice was issued for each tract of forty acres in the section, and the returns were alike. The sheriff testified in his deposition, in substance, that he distinctly remembered serving the notices in question; that he was well acquainted with plaintiff Z. T. Walrond, who had been a prominent lawyer in that county for several years, but at that time resided in Oklahoma. He further stated that he went to the land in question at the time of the service and found the same wholly unoccupied and vacant, and he posted and left upon the land a certified copy of the notice received by him from the county clerk, and afterward posted a certified copy thereof in a conspicuous place in the county clerk's office; that he intended so to state in the return, and supposed that what he did state would be so understood.

The plaintiffs insist that the admission of this evidence was erroneous; that it varies and contradicts the written return of the officer, and has the effect to disturb vested rights. It is also contended that its admission can not be justified by chapter 373 of the Laws

of 1907, as that law was intended to operate prospectively only, and does not apply to returns and records which were made before that chapter was enacted. These questions have been already carefully considered by this court and decided adversely to the contention of the appellant. (*Burgess v. Hixon,* 75 Kan. 201; *Jones v. Hickey,* 80 Kan. 109; *Reitler v. Harris,* 80 Kan. 148; *Broadie v. Carson,* 81 Kan. 467.) We do not think that the deposition of the sheriff had the effect of varying or contradicting the officer's return; it merely supplemented it, and made clear what was done in serving the notice. It amounted to no more than an amendment of the return to make it speak the truth.

The plaintiffs complain of permitting the witness to testify from memory to facts occurring thirteen years prior to that time. This objection, however, goes to the weight of the evidence and not to its competency.

It is insisted that the description of the land in the return is unintelligible, being given as "S. W. S. W. 36-9-13," and other similar letters indicating the particular 40-acre tract described in the notice. The rule of law is that any description is sufficient which will enable the land to be located. (1 A. & E. Encycl. of L. 100.) There are a few cases to the contrary, but they are decidedly in the minority. Lands have been described by the use of such abbreviations in this state so generally and for such a length of time that any person having any considerable experience in descriptions is familiar with them and has no trouble in understanding them. It is said, however, that this return does not give the range, whether east or west, nor the county in which the land is located, and therefore the land can not be ascertained, which is true, and it would be difficult perhaps to say with certainty what land was intended by this description alone. The notice, however, upon which the return is written contains an accurate description of the land, and the return refers

to the land as "the within named," so that, taking the notice and return together, no doubt could exist as to the land intended. The county clerk of Osborne county kept in his office a record of school-land sales, and also of forfeitures. When notices were issued to forfeit the lands in question there was written opposite each tract the following: "Notice issued December 2, 1895"; afterward, the following: "Forfeited February 23, 1896." This book was one of the records of his office.

The district court found in favor of the defendants upon the ground that the plaintiffs, with knowledge that the defendants were in possession of the land as owners under what they believed to be a valid purchase from the state, having remained silent for more than ten years without objection or claim of right, were estopped from asserting any rights now. The facts found by the court are very similar to those in the case of *Burgess v. Hixon*, 75 Kan. 201, and probably the court was fully justified in applying the rule of estoppel here as was done there, but we prefer to affirm the case upon a different ground.

We think the law was fully complied with in taking the forfeiture. Doing the things required by statute is what constitutes a valid forfeiture, and not the return of the officer. The return is merely evidence of what the officer did, and when a return is incomplete it may be supplemented and amended by proving what steps were actually taken. The plaintiffs were purchasers of the land in controversy, but by neglect their rights became forfeited. The state, through its proper officers, took the steps required by statute to annul the contract, and sold the land to other purchasers. The land when the forfeiture was taken, was worth $2 an acre; it is now worth $15 per acre. The plaintiffs may not under these circumstances insist that they be permitted to carry out their contract of purchase simply for the reason that the sheriff, through ignorance, mistake or

oversight, omitted to state clearly in his return all the steps taken by him in serving the notices of forfeiture. The imperfect return of the sheriff did not invalidate the steps taken. The forfeiture was complete.

. Other questions are presented, but those discussed dispose of the case and the others need not be considered. The judgment of the district court is affirmed.