No. 39,438

In the Matter of the Estate of Sherman (Sherman L.) Ward, Deceased, *Appellant*, v. THE STATE DEPARTMENT OF SOCIAL WELFARE, *Appellee.*

(272 P. 2d 737)

Opinion filed July 6, 1954.

*Kenneth G. Speir, Vernon A. Stroberg,* and *Herbert H. Sizemore,* all of Newton, were on the briefs for the appellant.

*George C. Wingerson,* of Topeka, argued the cause, and *Hart Workman, Charles V. Hamm,* both of Topeka, and *Harold R. Fatzer,* attorney general, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the district court of Harvey county sustaining the action of the probate court in allowing the claim of the State Department of Social Welfare, hereinafter referred to as appellee, against the estate of Sherman L. Ward, deceased, hereinafter referred to as appellant, for the recovery of old age assistance granted deceased during his lifetime, which it is claimed he obtained by fraudulent representations to the State Department of Social Welfare. The case was presented to the trial

court on the following stipulation of facts: The decedent Sherman L. Ward, on August 2, 1937, submitted a written, verified application to the Harvey county board of social welfare in which he represented that he had no property or resources to provide himself with reasonable subsistence compatible with decency and health. (G. S. 1937 Supp., 39-709.) On this application the department of social welfare furnished Ward subsistence from 1937 until the date of his death. At intervals of approximately every three months during his lifetime, Ward represented to authorized representatives of the Harvey county board of social welfare that he was without income or resources to provide a reasonable subsistence compatible with decency and health, the last of these representations being made on November 20, 1951. On November 23, 1951, it was discovered by an attendant of Ward that he had $915 in cash in his billfold. It was agreed that Ward owned the money on that date. At no time prior to November 23 did the Harvey county board of social welfare know that Ward had property or money; that the representatives of the board had checked at various times and were unable to locate any property, money, goods or chattels belonging to him. Ward accepted no further payment after November 23, 1951, nor did he make any statement that he was without income or resources after that date. It was further agreed that any individual having resources of over $250 was ineligible for assistance, and had the welfare board or its agents discovered at any time Ward had acquired over $250 in cash, the assistance payments would have thereupon been terminated. Sherman L. Ward died November 25, 1951, and Flora Francis was duly appointed as executrix of his estate.

On the facts as stipulated, the court rendered judgment in favor of the appellee State Department of Social Welfare, and against the estate of Sherman L. Ward, deceased, for the recovery of the payments made to the deceased in his lifetime, from which judgment the executrix appeals.

The substance of appellant's contention is that before the appellee is entitled to recover, it is incumbent upon it to prove that Ward, recipient of the assistance, had in his possession more than $250 at the time he made application and received assistance, and that fraud cannot be presumed.

The question presented in this appeal rests on the application of G. S. 1951 Supp., 39-720. The pertinent part reads:

"Any person who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or

by impersonation, collusion, or other fraudulent device, assistance to which the applicant or client is not entitled, is guilty of a misdemeanor, . . .; and he shall be required to remit to the county board or private agency the amount of any assistance given him under such fraudulent act. *In any civil action for the recovery of assistance on the grounds the assistance was fraudulently obtained, proof that the recipient of the assistance possesses or did possess resources which does or would have rendered him ineligible to receive such assistance shall be deemed prima facie evidence that such assistance was fraudulently obtained. . . .*" (Emphasis supplied.)

It is well settled that the legislature has some power over the rules of evidence and it has power to prescribe new and alter existing rules, or to prescribe methods of proof. It may make a fact or circumstance which, in its judgment, bears on a disputed question, prima facie evidence on the subject. (*State v. Sheppard,* 64 Kan. 451, 67 Pac. 870; *Jones v. Hickey,* 80 Kan. 109, 114, 102 Pac. 247; 20 Am. Jur. 38, Evidence, § 8; 12 C. J., Constitutional Law, § 285.)

The general rule of law is stated in 20 Am. Jur. 39, Evidence § 9:

"The distinctions generally observed by the courts regarding the validity of statutes which make one fact evidence of another are between legislative declarations that certain facts shall be conclusive evidence of another fact and those that they shall be prima facie or presumptive evidence of another fact. While the legislature cannot constitutionally make one fact conclusive evidence of another, it is well established that it may provide by statute or ordinance that certain facts shall be prima facie or presumptive evidence of other facts, if there is a natural and rational evidentiary relation between the facts proved and those presumed. Such statutes or ordinances are within the well-settled powers of a legislative body to change the rules of evidence, and do not infringe upon the rights of the judiciary or violate any other provisions of the Federal or state Constitution. . . ."

In *State, ex rel., v. Public Service Comm.,* 135 Kan. 491, 495, 11 P. 2d 999, we said it was well-settled law that the legislature may prescribe what matters shall have the force of prima facie evidence.

In *State v. Nossaman,* 107 Kan. 715, 721, 193 Pac. 347, 20 A. L. R. 921, we said it was competent for the legislature to make proof of one fact prima facie evidence of another fact essential to the guilt of the accused where the fact presumed had a fair relation to or some natural connection with the fact to be proven. The term "prima facie evidence" carries the inference that such evidence may be rebutted and overcome, and notwithstanding the rule, an accused has the opportunity to submit his evidence and make a full defense.

In the instant case, proof supplied by the stipulated facts disclosed that Ward on November 23, 1951, had in excess of $250 in his pos-

session, which fact rendered him ineligible to receive assistance. This was sufficient evidence under the statute to make out a prima facie case that he possessed such resources at the time he received the assistance from the appellee, and it necessarily follows as a natural conclusion under these facts that the assistance was fraudulently obtained.

In *State v. Allison*, 173 Kan. 107, 244 P. 2d 176, we stated that the acceptance from month to month of payments for assistance after the situation of the recipient has changed so that he is no longer entitled, without disclosure by him to the proper authorities that he is no longer entitled, is the obtaining of assistance by fraudulent means.

The appellant's right to be heard was not cut off in this action. The executrix of the estate had the opportunity to show that Ward did not have resources in excess of $250 at the time he obtained the assistance, or any part thereof. However, she chose to enter into a stipulation of facts upon which the court rendered judgment, and she was bound thereby. In view of what has been said, the judgment of the lower court is affirmed.

It is so ordered.