(683 P.2d 1292)
No. 56,031

Marvin G. Luttrell, *Appellant,* v. United Telephone System, Inc., *Appellee.*

Opinion filed July 19, 1984.

Richard M. Smith, of Smith & Winter-Smith, of Mound City, for appellant.

Paul Hasty, Jr., of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellee.

Before Foth, C.J., Parks and Swinehart, JJ.

Parks, J.: Plaintiff Marvin G. Luttrell appeals the dismissal of his defamation action against the defendant, United Telephone System, Inc.

Plaintiff alleges in his petition that several managerial employees of defendant maliciously communicated defamatory remarks about him between themselves while acting within the scope of their employment. Particularly, he alleges that on or about April 6 or 7 of 1982, Mr. R. H. Baranek, an employee of defendant, stated to Mr. R. L. Flint, plaintiff's supervisor, that plaintiff was illegally taping telephone conversations on April 1 and that Baranek had requested him to stop but plaintiff persisted in this illegal activity the rest of the afternoon despite the direct order given him to stop by his supervisor. He further alleged that the communication of the same defamatory information was made by Mr. Flint to Mr. T. V. Tregenza and by Mr. Tregenza to Mr. W. Soble, all while acting within the scope of their employment. Defendant filed a motion to dismiss pursuant to K.S.A. 60-212(*b*)(6) on the grounds that intracorporate communications did not constitute "publication." The trial court sustained the motion to dismiss for failure to state a claim upon which relief may be granted.

The tort of defamation includes both libel and slander. The elements of the wrong include false and defamatory words (*Hein v. Lacy,* 228 Kan. 249, 259, 616 P.2d 277 [1980]) communicated

to a third person (*Schulze v. Coykendall,* 218 Kan. 653, 657, 545 P.2d 392 [1976]) which result in harm to the reputation of the person defamed. *Gobin v. Globe Publishing Co.,* 232 Kan. 1, 6, 649 P.2d 1239 (1982) (*Gobin III*). A corporation may be liable for the defamatory utterances of its agent which are made while acting within the scope of his authority. *Bourn v. State Bank,* 116 Kan. 231, 235, 226 Pac. 769 (1924).

In this case, the defendant argued and the district court agreed that there can be no communication to a third person, or "publication," when the defamatory words are exchanged by agents of a single corporate defendant. This issue of first impression is more precisely whether interoffice communications between supervisory employees of a corporation, acting within the scope and course of their employment, regarding the work of another employee of the corporation, constitute publication to a third person sufficient for a defamation action.

There is a considerable division of authority concerning this issue. For example, courts recently considering the laws of Nevada, Missouri, Arkansas, Georgia and Louisiana have all accepted the assertion that intracorporate defamation is simply the corporation talking to itself and not publication. See, *e.g., Jones v. Golden Spike Corp.,* 97 Nev. 24, 623 P.2d 970 (1981); *Ellis v. Jewish Hospital of St. Louis,* 581 S.W.2d 850 (Mo. App. 1979); *Halsell v. Kimberly-Clark Corp.,* 683 F.2d 285 (8th Cir. 1982); *Monahan v. Sims,* 163 Ga. App. 354, 294 S.E.2d 548 (1982); *Commercial Union Ins. Co. v. Melikyan,* 424 So.2d 1114 (La. App. 1982). The contrary conclusion has been reached in courts applying the laws of Kentucky, Massachusetts, New York and California. See, *e.g., Brewer v. American Nat. Ins. Co.,* 636 F.2d 150 (6th Cir. 1980); *Arsenault v. Allegheny Airlines, Inc.,* 485 F. Supp. 1373 (D. Mass.), *aff'd* 636 F.2d 1199 (1st Cir. 1980); *Pirre v. Printing Developments, Inc.,* 468 F. Supp. 1028 (S.D. N.Y.), *aff'd* 614 F.2d 1290 (2d Cir. 1979); *Kelly v. General Telephone Co.,* 136 Cal. App. 3d 278, 186 Cal. Rptr. 184 (1982). The latter opinions have held that while communications between supervisory employees of a corporation concerning a third employee may be qualifiedly privileged, they are still publication. Prosser also favors the view that such communications are publication and dismisses those cases holding otherwise as con-

fusing publication with privilege. Prosser, Law of Torts § 113, p. 767 n. 70 (4th ed. 1971).

Undeniably, the district court's holding in this case is not without support or technical appeal; however, we believe it ignores the nature of the civil injury sought to be protected in a defamation action. Damage to one's reputation is the essence and gravamen of an action for defamation. It is reputation which is defamed, reputation which is injured, reputation which is protected by the laws of libel and slander. *Gobin III,* 232 Kan. at 6. Certainly, damage to one's reputation within a corporate community may be just as devastating as that effected by defamation spread to the outside. Thus, the injury caused by intracorporate defamation should not be disregarded simply because the corporation can be sued as an individual entity.

Defendant argues that corporate employers must be free to evaluate and comment on their employees' work performance and that this freedom will be unduly restrained if they are liable for intracorporate defamation. However, the law in this state has already extended protection to comments made within a work situation by means of a qualified privilege. A communication is qualifiedly privileged if it is made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, if it is made to a person having a corresponding interest or duty. The essential elements of a qualifiedly privileged communication are good faith, an interest to be upheld, a statement limited in its scope to the upholding of such interest and publication in a proper manner only to proper parties. *Dobbyn v. Nelson,* 2 Kan. App. 2d 358, 360, 579 P.2d 721, *aff'd* 225 Kan. 56 (1978). Thus, in *Dobbyn* the Court held that a letter written by an employee of the Kansas State University library concerning the conduct of another employee and transmitted to the second employee's superior was qualifiedly privileged. *Dobbyn,* 2 Kan. App. 2d at 361. As a result, the plaintiff was required to prove that the defendants acted with knowledge of falsity or reckless disregard for the truth before the privilege could be overcome. See also *Scarpelli v. Jones,* 229 Kan. 210, 216, 626 P.2d 785 (1981).

By virtue of the qualified privilege, the employer who is evaluating or investigating an employee in good faith and within the bounds of the employment relationship is protected from the threat of defamation suits by the enhanced burden of proof

which the plaintiff would have to bear. We see no reason for greater freedom from liability for defamation to be accorded the corporate employer than that already available to all employers through the qualified privilege.

We conclude that remarks communicated by one corporate employee to another concerning the job performance of a third employee are publication for the purposes of a defamation action against the employer. Since the dismissal motion was granted in this case prior to the commencement of any discovery, we make no findings concerning the possible application of qualified privilege to the communications alleged.

The dismissal for failure to state a claim upon which relief may be granted is reversed and the case is remanded for further proceedings.