No. 56,031

Marvin G. Luttrell, *Appellant,* v. United Telephone System, Inc., *Appellee.*

(695 P.2d 1279)

Opinion filed March 2, 1985.

*Richard M. Smith,* of Smith & Winter-Smith, of Mound City, argued the cause and was on the brief for the appellant.

*Paul Hasty, Jr.,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *James L. Sanders,* of the same firm, was with him on the brief for the appellee.

*Wendell F. Cowan, Jr.,* of Cowan, Jarboe & Korte, of Topeka, was on the brief *amicus curiae* for IBP, Inc.

The opinion of the court was delivered by

Prager, J.: This case is before the court on a petition for review of a decision of the Court of Appeals in *Luttrell v. United Telephone System, Inc.,* 9 Kan. App. 2d 620, 683 P.2d 1292 (1984). The facts are fully set forth in the opinion of the Court of Appeals and need not be repeated here. The trial court sustained the motion of the defendant to dismiss for failure to state a claim upon which relief may be granted. The Court of Appeals reversed and remanded the case for further proceeding. We granted review. The Court of Appeals fully discussed the facts and applicable law. We have carefully examined the record, the briefs of the parties, the reported cases in Kansas and other jurisdictions, and the commentary on the subject. We find no reason to disturb the judgment of the Court of Appeals.

The issue presented is strictly one of law and, simply stated, is whether interoffice communications between supervisory employees of a corporation, acting within the scope and course of their employment, regarding the work of another employee of

the corporation, constitute publications to a third person sufficient for a defamation action.

The opinion of Judge Parks points out there is considerable division of authority concerning this issue. The various cases supporting each position are cited. The opinion points out that Professor Prosser favors the view that such communication constitutes a publication and rejects those cases that hold otherwise as confusing publication with privilege. Prosser, Law of Torts § 113, p.767 n. 70 (4th ed. 1971).

In addition, we note that Restatement (Second) of Torts § 577, comment *i* (1977), adopts the position that a communication within the scope of his employment by one agent to another agent of the same principal is a publication not only by the first agent but also by the principal and this is true whether the principal is an individual, a partnership or a corporation.

We adopt the opinion of the Court of Appeals.

The judgment of the district court is reversed and the case is remanded to the trial court for further proceedings. The judgment of the Court of Appeals is affirmed.