(774 P.2d 371)

No. 62,739

GREG BATT, *Appellant,* v. GLOBE ENGINEERING COMPANY, INC., and JACK JOHNSON, *Appellees.*

Petition for review denied September 26, 1989.

Opinion filed May 19, 1989.

*Jim Lawing,* of Wichita, for appellant.

*Jeff A. Roth,* of Hershberger, Patterson, Jones & Roth, of Wichita, for appellees.

*A.J. Kotich,* chief counsel, and *Merrill Hicklin,* staff counsel, of Kansas Department of Human Resources, of Topeka, for *amicus curiae* Kansas Department of Human Resources.

Before RULON, P.J., DAVIS, J., and RICHARD W. WAHL, District Judge, assigned.

RULON, J.: Greg Batt, plaintiff, appeals from the trial court's order granting defendants Globe Engineering Company and Jack Johnson's motion for an involuntary dismissal of plaintiff's

claims of defamation and breach of employment contract, and the court's judgment in favor of Johnson on plaintiff's claim of tortious interference with a contractual relationship.

We are presented with three issues: whether the trial court erred in (1) refusing to admit the transcript from plaintiff's unemployment benefit hearing; (2) granting defendants' motion for involuntary dismissal of plaintiff's defamation and breach of employment contract claims; and (3) not inferring malice in plaintiff's claim of tortious interference with a contract. We affirm.

Essentially the facts of this case are undisputed; therefore, we will restate them only as needed in our resolution of the issues.

## 1. REFUSAL TO ADMIT TRANSCRIPT

This issue requires this court to review the trial court's conclusions of law concerning the admissibility of evidence under K.S.A. 1988 Supp. 44-714. This court's review of such conclusions is unlimited. *Utility Trailers of Wichita, Inc. v. Citizens Nat'l Bank & Tr. Co.*, 11 Kan. App. 2d 421, 423, 726 P.2d 282 (1986).

Following his termination by defendants, plaintiff filed a claim for unemployment compensation with the Kansas Department of Human Resources and a hearing was held. Subsequently, plaintiff subpoenaed an employee of the Department of Human Resources and ordered him to produce the transcript, if any, of the compensation hearing. The Department filed a motion to quash the subpoena and a request for a protective order. The Department argued that the hearing transcript was privileged and not subject to disclosure under K.S.A. 1988 Supp. 44-714(f). The district court ordered the transcript printed at plaintiff's expense, sealed, and delivered to the clerk of the district court for possible in camera inspection if the need arose.

Thereafter, the trial court granted defendants' motion in limine and ruled that evidence concerning the unemployment compensation hearing was not admissible at trial. The court based its ruling upon K.S.A. 1988 Supp. 44-714(f) and *Clear Water Truck Co., Inc., v. M. Bruenger & Co., Inc.*, 214 Kan. 139, 519 P.2d 682 (1974).

The transcript at issue was made at an unemployment benefit hearing pursuant to the Kansas Employment Security Law, K.S.A. 44-701 *et seq.* K.S.A. 1988 Supp. 44-714(f) provides, in part:

"Information thus obtained or obtained from any individual pursuant to the administration of this act shall be held confidential, except to the extent necessary for the proper presentation of a claim by an employer or employee under the employment security law, and shall not be published or be open to public inspection, other than to public employees in the performance of their public duties, in any manner revealing the individual's or employing unit's identity. . . . The transcript made at any such benefits hearing shall not be discoverable or admissible in evidence in any other proceeding, hearing or determination of any kind or nature. . . . In no event shall such transcript be deemed a public record."

Plaintiff contends the transcript was admissible at trial, pursuant to K.S.A. 60-420, because it was extrinsic evidence concerning Johnson's conduct and credibility. Plaintiff further asserts K.S.A. 1988 Supp. 44-714(f) is unconstitutional because it violates due process guarantees and the separation of powers doctrine.

The rules governing this court's consideration of the constitutionality of a statute are stated in *Federal Land Bank of Wichita v. Bott,* 240 Kan. 624, Syl. ¶ 1, 732 P.2d 710 (1987):

"The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution. Moreover, it is the court's duty to uphold the statute under attack, if possible, rather than defeat it, and if there is any reasonable way to construe the statute as constitutionally valid, that should be done."

Plaintiff's argument regarding the constitutionality of K.S.A. 1988 Supp. 44-714(f) is unclear. He essentially argues that the legislature violated the separation of powers doctrine by making unemployment compensation hearing transcripts inadmissible at trials not involving employment security law. Plaintiff primarily relies on *S.W. Community Health Serv. v. Smith,* 107 N.M. 196, 755 P.2d 40 (1988), to support his argument. In *Smith,* the New Mexico Supreme Court held that a New Mexico statute making medical peer review records immune from discovery did not create an evidentiary privilege and, therefore, did not conflict with the court's rules governing evidentiary privileges. 107 N.M. at 198-99, 755 P.2d at 43.

Plaintiff's constitutional argument is without merit. "When a statute is challenged under the constitutional doctrine of separation of powers, the court must search for a usurpation by one department of the powers of another department on the specific

facts and circumstances presented." *State v. Compton,* 233 Kan. 690, Syl. ¶ 7, 664 P.2d 1370 (1983). Usurpation of powers occurs when one department significantly interferes with the operations of another department. 233 Kan. 690, Syl. ¶ 8.

K.S.A. 1988 Supp. 44-714(f) provides, in relevant part, that a transcript from an unemployment benefit hearing is not discoverable or admissible in evidence in any other proceedings. In effect, this statute appears to be a rule of evidence. "The legislature has the power to prescribe new, and alter existing, rules of evidence." *In re Estate of Ward,* 176 Kan. 614, Syl. ¶ 1, 272 P.2d 737 (1954); see *State v. Haremza,* 213 Kan. 201, Syl. ¶ 1, 515 P.2d 1217 (1973). Thus, the legislature was authorized to enact discovery and evidentiary limitations regarding unemployment benefit hearing transcripts.

Further, plaintiff fails to indicate how the enactment of K.S.A. 1988 Supp. 44-714(f) usurps the powers of either the executive or judicial branch. Unlike *S.W. Community Health Serv. v. Smith,* the statute in this case is not alleged to be in conflict with any Kansas Supreme Court Rule. Therefore, plaintiff has failed to overcome the presumption that K.S.A. 1988 Supp. 44-714(f) is constitutionally sound.

Further, the trial court did not err by excluding the hearing transcript pursuant to K.S.A. 1988 Supp. 44-714(f). The statute clearly and unambiguously provides that such transcripts are inadmissible at any proceeding, except those specifically set forth in K.S.A. 1988 Supp. 44-714. "Where a statute is clear and unambiguous it must be applied accordingly without judicial construction." *Capital Electric Line Builders, Inc. v. Lennen,* 232 Kan. 379, Syl. ¶ 4, 654 P.2d 464 (1982), *modified and reh. denied* 232 Kan. 652, 658 P.2d 365 (1983).

Finally, the trial court did not err in relying upon *Clear Water Truck Co., Inc. v. M. Bruenger & Co., Inc.,* 214 Kan. 139, to exclude the hearing transcript. In *Clear Water Truck Co.,* the Supreme Court held that statements made in quasi-judicial proceedings before an administrative body are absolutely privileged and cannot serve as a basis for a defamation action. 214 Kan. at 141-43. Plaintiff apparently wanted to use Johnson's hearing testimony to demonstrate either Johnson's actual malice or publication of the alleged defamatory statements.

Arguably, Johnson's alleged statements at the hearing were, at

least in part, the basis for the present action. To allow plaintiff to use Johnson's hearing testimony to establish the elements of this action would defeat the purpose of the absolute privilege for judicial proceedings. Moreover, this issue is moot in light of the provision in K.S.A. 1988 Supp. 44-714(f) prohibiting the admission of the hearing transcript.

2. INVOLUNTARY DISMISSAL

On appellate review of an order of involuntary dismissal pursuant to K.S.A. 60-241(b), the findings of fact made by the trial court will be upheld if there is substantial evidence to support them, and the evidence will be viewed in the light most favorable to the party prevailing at trial. *Baker v. R.D. Andersen Constr. Co.,* 7 Kan. App. 2d 568, 579, 644 P.2d 1354, *rev. denied* 231 Kan. 799 (1982).

Plaintiff contends the trial court erred in granting defendants' motion for involuntary dismissal of plaintiff's claims of defamation and breach of employment contract.

A. The Defamation Claim

At the conclusion of plaintiff's evidence, the trial court granted defendants' motion for involuntary dismissal of plaintiff's defamation claim. The trial court found there was no evidence of publication of any defamatory remarks attributable to defendants. The court also found that the management of Globe Engineering Company had a qualified privilege to share the separation notice among themselves.

Plaintiff asserts the involuntary dismissal motion should have been denied because there was sufficient evidence whereby the trial court could have inferred publication of the allegedly defamatory statements contained in the separation notice to persons outside of Globe's management personnel. Plaintiff does not challenge the trial court's ruling concerning the management's qualified privilege.

The tort of defamation includes libel and slander. *Luttrell v. United Telephone System Inc.,* 9 Kan. App. 2d 620, 683 P.2d 1292 (1984), *aff'd* 236 Kan. 710, 695 P.2d 1279 (1985). The elements of defamation include (1) false and defamatory words; (2) communication to a third party; and (3) resulting harm to the reputation of the person defamed. 9 Kan. App. 2d at 620-21.

Upon review of the record, we conclude there is no evidence of publication or communication of the contents of the separation

notice beyond management personnel. Plaintiff's only witness from Globe Engineering, Don Lietzke, testified that the "shoptalk" concerning plaintiff's termination never involved a statement from a managerial employee. Plaintiff testified that he told approximately six people of the circumstances of his discharge. Further, he did not dispute that his statements to Bob Simon could have been the source of the "shoptalk." Additionally, plaintiff admitted he could not trace the "shoptalk" to a statement by a Globe managerial employee.

Viewing the evidence in the light most favorable to defendants, we conclude the trial court's findings of fact are supported by substantial evidence. Therefore, the trial court did not err in granting defendants' motion for involuntary dismissal of plaintiff's defamation claim.

B. The Breach of Employment Contract Claim

At the close of plaintiff's evidence, the trial court sustained defendants' motion for involuntary dismissal of the claim of breach of employment contract. After considering Globe's company policies concerning tardiness and absenteeism, the court found there was no contract, expressed or implied, between the parties which required progressive discipline for employee absences. The court further determined that it did not need to rule on the issue of whether there existed an implied contract requiring termination only for cause. The court refused to rule on this issue because it found plaintiff's evidence established he was discharged for cause.

Plaintiff maintains Globe Engineering did not have just cause for terminating him. Therefore, plaintiff requests that this court remand this case to the trial court for a determination of whether there existed an implied contract requiring termination for cause and whether Globe Engineering breached that contract.

The general rule concerning employment contracts is found in *Johnson v. National Beef Packing Co.*, 220 Kan. 52, Syl. ¶ 1, 551 P.2d 779 (1976).

"In the absence of a contract, express or implied, between an employee and his employer covering the duration of employment, the employment is terminable at the will of either party, and the employee states no cause of action for breach of contract by alleging that he has been discharged."

Whether an implied contract of employment exists is a question of fact. *Allegri v. Providence—St. Margaret Health Center*, 9

Kan. App. 2d 659, 663, 684 P.2d 1031 (1984). Where no definite term of employment is expressed, the duration of employment depends on the parties' intentions. 9 Kan. App. 2d at 663.

Upon review of the record, we conclude the trial court did not err in finding there was no contract for progressive discipline for absenteeism and that plaintiff was discharged for cause. At trial, plaintiff primarily relied upon Globe's written work policies, which provided that if an employee would be ten or more minutes late he must call, and if he did not, he may be subject to termination. The policy also set forth a progressive discipline system for tardiness, under which each subsequent incident of tardiness subjected an employee to a more severe penalty. However, the written company policy made no provision for progressive discipline other than for tardiness and plaintiff failed to submit any evidence upon which the trial court could have found that there was a contract between the parties which provided for progressive discipline for absenteeism.

Further, we conclude the trial court did not err by refusing to rule on whether there was an implied contract permitting discharge only for cause and by finding plaintiff's evidence established he was discharged for cause. Plaintiff failed to present sufficient evidence of an implied employment contract. He relied upon Globe's written policy, but failed to offer any evidence concerning Globe's intentions in issuing the policy. Thus, plaintiff failed to provide the trial court with any basis upon which the court could have denied the motion for involuntary dismissal. Additionally, plaintiff's own testimony established he had been discharged for cause for failing to call his employer when he was absent from work because of illness.

Viewing the evidence in the light most favorable to defendants, we conclude the trial court's findings of fact are supported by substantial evidence. Simply stated, the trial court did not err in granting defendants' motion for involuntary dismissal on plaintiff's claim of breach of employment contract.

3. FAILURE TO INFER MALICE

Plaintiff argued that Johnson tortiously interfered with the contract between plaintiff and Globe by falsely claiming that plaintiff had asked Johnson to lie about plaintiff not calling in sick. The trial court disagreed and entered judgment in favor of Johnson on plaintiff's claim for tortious interference with a

contract. The court found that any statements by Johnson interfering with plaintiff's alleged contract with Globe Engineering were protected by the qualified privilege for business or employment communications discussed in *Turner v. Halliburton Co.*, 240 Kan. 1, 7-8, 722 P.2d 1106 (1986). The trial court then considered that under *Turner*, where a defamatory statement is made in a situation where there is a qualified privilege, the injured party must prove the statements were made with actual malice. 240 Kan. 1, Syl. ¶ 5. The court concluded that plaintiff failed to present any extrinsic proof of actual malice. However, the court noted that it believed plaintiff's testimony was truthful.

Plaintiff essentially argues this court should overrule *Turner* and hold that a qualified privilege may be overcome by evidence inferring malice rather than proof of actual malice. Plaintiff appears to somewhat rely upon the trial court's statement that *Turner* was a close decision with a strong dissent which supported plaintiff's argument.

In *Turner*, the Kansas Supreme Court discussed the general rules concerning tortious interference with a contract. The court stated that a party who, without justification, induces or causes a breach of contract will be liable for the resulting damages. *Turner*, 240 Kan. at 12. When such a privilege applies to certain communications, a plaintiff must prove actual malice by a defendant in making a defamatory statement. 240 Kan. at 14.

As plaintiff's supervisor, statements by Johnson regarding business or employment made in good faith to other Globe managerial employees were protected by a qualified privilege. *Turner*, 240 Kan. 1, Syl. ¶ 3. Plaintiff does not dispute that Johnson's communications with other Globe managerial personnel were subject to a qualified privilege. Rather, plaintiff contends he should not have the burden of proving that a statement was made with actual malice to overcome the qualified privilege. For this court to rule in favor of plaintiff, this court would have to ignore the plain holding of *Turner*. It appears plaintiff has failed to advance sufficient reasons for this court to reject *Turner* as controlling. Further, plaintiff has not suggested that the present case be distinguished so that *Turner* would not apply.

This court is duty bound to follow the law as established by Kansas Supreme Court decisions, absent some indication the Supreme Court is departing from its previously expressed posi-

tion. *Stratton v. Garvey Internat'l, Inc.,* 9 Kan. App. 2d 254, Syl. ¶ 6, 676 P.2d 1290 (1984). No such indication of departation has been presented in this case. Therefore, we are satisfied that the trial court did not err in finding *Turner* to be controlling and ruling that plaintiff had failed to present extrinsic proof of actual malice.

Affirmed.