(921 P.2d 837)

No. 74,211

STEVE BRIGHAM, *Appellant,* v. DILLON COMPANIES, INC., *Appellee.*

Opinion filed August 2, 1996.

*Pamela G. Phalen* and *Fred Spigarelli,* of Spigarelli, McLane & Short, of Pittsburg, for appellant.

*Henry E. Couchman, Jr., Frank D. Menghini,* and *Douglas M. Greenwald,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellee.

Before GREEN, P.J., RULON, J., and DAN D. BOYER, District Judge, assigned.

GREEN, J.: Steve Brigham appeals from a summary judgment granted in favor of Dillon Companies, Inc., (Dillons) in Brigham's retaliatory demotion claim. On appeal, Brigham contends that the trial court inappropriately granted summary judgment because Kansas law either recognizes or should recognize as an actionable tort a demotion in retaliation for asserting a workers compensation claim. We disagree and affirm the judgment of the trial court.

Brigham worked at a Dillons' grocery store. He was promoted to grocery store manager. When he later began experiencing physical difficulties with his arms, he filed a workers compensation claim. He later had surgery to correct the abnormality. When Brigham returned to work after his surgery, he learned that he had been demoted to frozen foods manager.

Brigham sued Dillons, claiming that he had been demoted to the frozen foods department in retaliation for filing his workers compensation claim. Dillons moved for summary judgment, arguing that Brigham had failed to state a claim upon which any relief could be granted. In holding that the Kansas appellate courts have not recognized the tort of retaliatory demotion, the trial court stated:

"The Kansas appellate courts have not recognized retaliatory demotion as stating a cause of action in tort. In consideration of the rationale as stated above and the indication that no other jurisdiction has recognized such actions the court finds that the Kansas appellate courts will defer the conflicting public policy issues to the Kansas legislature. Plaintiff has not stated a claim upon which relief can be granted in this state."

Brigham argues that a demotion in retaliation for asserting a workers compensation claim is encompassed in the tort of retaliatory discharge. Because this issue presents a question of law, our standard of review is unlimited. See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

Several exceptions exist to the employment-at-will doctrine. One exception is the public policy theory adopted by the Kansas courts in *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, 630 P.2d 186 (1981). In determining that a discharge of an employee in retaliation for filing a workers compensation claim violated public policy and constituted a tort, the *Murphy* court stated:

"The Workmen's Compensation Act provides efficient remedies and protection for employees, and is designed to promote the welfare of the people in this state. It is the exclusive remedy afforded the injured employee, regardless of the nature of the employer's negligence. To allow an employer to coerce employees in the free exercise of their rights under the act would substantially subvert the purpose of the act." 6 Kan. App. 2d at 495-96.

Brigham focuses on this language in his appellate brief as support for his position that a retaliatory demotion is included in the tort of retaliatory discharge. He argues that if the *Murphy* court had intended to limit the tort to dismissals it would have used more limiting language in its opinion. But Brigham ignores the language contained in *Murphy* which states: "Under the facts and circumstances of this case, it is *held* that the *discharge of an employee* in

retaliation for filing a workmen's compensation claim is actionable at law and may support an award of both actual and punitive damages." (Emphasis added.) 6 Kan. App. 2d 488, Syl. ¶ 7. Moreover, in recently stating that only two public policy exceptions exist to the employment-at-will doctrine, our Supreme Court stated:

> "An employee-at-will is just that. He or she may be terminated without cause. The only exceptions thereto arise from public policy. An employee-at-will *may not be terminated* in retaliation for: having filed a workers compensation claim, *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, 630 P.2d 186 (1981), or for 'whistle-blowing,' *Palmer v. Brown*, 242 Kan. 893, 752 P.2d 685 (1988)." (Emphasis added.) *Dickens v. Snodgrass, Dunlap & Co.*, 255 Kan. 164, 176-77, 872 P.2d 252 (1994).

This court is duty bound to follow the law as established by our Supreme Court decisions, absent some indication that the Supreme Court is departing from its previously expressed position. *Batt v. Globe Engineering Co.*, 13 Kan. App. 2d 500, 507-08, 774 P.2d 371, *rev. denied* 245 Kan. 782 (1989). In discussing the requisites for declaring the existence of public policy, our Supreme Court stated:

> "Before courts are justified in declaring the existence of public policy, however, 'it should be so thoroughly established as a state of public mind so united and so definite and fixed that its existence is not subject to any substantial doubt.' " *Palmer v. Brown*, 242 Kan. 893, 897, 752 P.2d 685 (1988) (quoting *Noel v. Menninger Foundation*, 175 Kan. 751, Syl. ¶ 4, 267 P.2d 934 [1954]).

Our Supreme Court has not indicated that it is departing from its previously expressed public policy position: that an essential element in establishing a case of retaliatory discharge requires the employee to show that he or she has been terminated. See *Dickens v. Snodgrass, Dunlap & Co.*, 255 Kan. at 176-77.

Brigham cites to numerous cases in which Kansas appellate courts have expanded the factual circumstances under which this state will recognize a cause of action for retaliatory discharge. See *Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, Syl. ¶ 3, 752 P.2d 645 (1988) (employer may not discharge employee for excessive absences which are the consequence of a work-related injury; no workers compensation claim had yet been filed); *Marinhagen v. Boster, Inc.*, 17 Kan. App. 2d 532, 541-42, 840 P.2d 534 (1992),

*rev. denied* 252 Kan. 1092 (1993) (employer may not fire employee in retaliation for spouse's application for workers compensation benefits). Our appellate courts' expansion of the tort in these cases dealt with employee discharges. None of these cases or the other cases cited by Brigham offer support for his position that the tort of retaliatory discharge has been extended to encompass a claim of demotion in retaliation for asserting a workers compensation claim. Consequently, Brigham's argument must fail.

Finally, as one federal court has observed, the expansion of tort remedies for actions short of termination could lead to unwarranted results:

"Recognizing a retaliation tort for actions short of termination could subject employers to torrents of unwarranted and vexatious suits filed by disgruntled employees at every juncture in the employment process. And why stop at demotions? If, as [the plaintiff] argues, a demotion raises the same policy concerns as a termination, so too would transfers, alterations in job duties, and perhaps even disciplinary proceedings. The potential for expansion of this type of litigation is enormous." *Ludwig v. C & A Wallcoverings, Inc.*, 960 F.2d 40, 43 (7th Cir. 1992) (Illinois tort of wrongful discharge does not include retaliatory demotion).

Affirmed.