CLASSIC COMMUNICATIONS, INC.;
Classic Telephone, Inc.; and
Classic Cable, Inc.,

v.

RURAL TELEPHONE SERVICE CO.,
INC.; Vision Plus, Inc.; Larry E. Sevier;
Merlin Dennis; Barney Hickert; F.C.
Brungardt; Douglas Ziegler; Charley
Minium; Marion Otter; Glenn Lambert;
Robert E. McCall; Shane Brady; Kenneth Clark; City of Hill City, Kansas;
City of Bogue, Kansas; City of Quinter,
Kansas; City of Morland, Kansas; City
of Norcatur, Kansas; City of Gorham,
Kansas; City of Damar, Kansas; City of
Palco, Kansas; and City of Logan, Kansas, Defendants.

No. Civ.A. 96–2166–DES.

United States District Court,
D. Kansas.

Feb. 12, 1998.

Victor A. Davis, Jr., David P. Troup, Weary, Davis, Henry, Struebing & Troup, Junction City, KS, Gordon D. Gee, Paul G. Schepers, Rachel H. Baker, Susan S. Goldammer, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, MO, Cary Ferchill, Mark D. Goranson, Brian F. Antweil, Winstead, Sechrest & Minick, P.A., Austin, TX, for plaintiffs.

Donald D. Barry, Anthony S. Barry, Barry & Barry, Topeka, KS, J. Eugene Balloun, Timothy M. O'Brien, Robert D. Grossman, David A. Rameden, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for defendants Rural Tele. Serv. Co., Inc., Vision Plus, Inc.

William B. Elliott, Hill City, KS, for City of Hill City, Kansas.

Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, for City of Bogue, Kansas.

S. Philip Stover, Quinter, KS, for City of Quinter, Kansas.

Tony A. Potter, Hill City, KS, Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, for City of Morland, Kansas.

Steven W. Hirsch, Hirsch & Pratt, Oberlin, KS, Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, for City of Norcatur, Kansas.

Kenneth L. Cole, Woelk & Cole, Russell, KS, Allen G. Glendenning, Watkins, Calcara,

Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, for City of Gorham, Kansas.

Terry L. Cikanek, Krysl & Cikanek, Stockton, KS, Craig C. Blumreich, Gehrt & Roberts, Chartered, Topeka, KS, for City of Damar, Kansas.

Craig C. Blumreich, Gehrt & Roberts, Chartered, Topeka, KS, for City of Palco, Kansas.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on Classic Communications, Inc.'s, Classic Telephone, Inc.'s, and Classic Cable, Inc.'s Motion to Dismiss the Counterclaims Asserted by Rural Telephone Service Co., Inc. and Vision Plus, Inc. (Doc. 220). For the reasons set forth below, plaintiffs' motion is granted in part and denied in part.

## I. BACKGROUND

This action arises from the efforts of Classic Communications, Inc. and its subsidiary telephone and cable companies (collectively "Classic") to expand its telecommunications business into western Kansas. In each of the cities into which Classic attempted to expand its business, Rural Telephone Service Co., Inc. or its wholly-owned subsidiary, Vision Plus, Inc. (collectively "Rural"), was already operating a local telephone exchange or a cable television system, or both.

Classic alleges that Rural has engaged in illegal conduct and schemes designed to prevent Classic from competing with Rural. Specifically, Classic alleges that Rural has interfered with Classic's business relationships, made misrepresentations in order to injure Classic's business reputation, and conspired with members of the local city governments to prevent Classic from entering into and competing in the region's telecommunications market. At present, Classic's only remaining claim against Rural is a federal Lanham Act claim brought pursuant to 15 U.S.C. § 1125.

In answer to Classic's amended complaint, Rural asserts a counterclaim against Classic alleging an illegal horizontal market allocation in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. By an "illegal horizontal market allocation" Rural refers to the agreement between Classic and Pioneer Telephone Association Incorporated ("Pioneer") not to compete with each other in certain product and geographical markets including the western Kansas cities of Wakeeny, Hill City, and Quinter. According to Rural, but for the agreement between Classic and Pioneer, which horizontally allocated the telephone exchange and cable television markets, Rural Telephone, as the highest qualified final bidder, would have purchased Spring/United's Wakeeney, Hill City, and Quinter local telephone exchanges in 1995. Rural also asserts a counterclaim against Classic alleging defamation under Kansas state law. Specifically, Rural claims that J. Meritt Belisle, Classic's Chief executive Officer, made two statements concerning Rural that are *per se* defamatory.

## II. RULE 12(B)(6) MOTION TO DISMISS STANDARD

The court may not dismiss a cause of action for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the claimant can prove no set of facts supporting its claim which would entitle it to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, as distinguished from conclusory allegations, and must draw all reasonable inferences in favor of the non-movant. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir.1991); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## III. DISCUSSION

### A. Rural's Antitrust Counterclaim

■ Classic moves to dismiss Rural's antitrust counterclaim for lack of standing. In *Roman v. Cessna Aircraft*, the Tenth Circuit enumerated six factors that are relevant in

ascertaining whether a plaintiff has standing to pursue an antitrust claim:

> (1) the causal connection between the antitrust violation and the plaintiff's injury; (2) the defendant's intent or motivation; or (3) the nature of the plaintiff's injury—i.e., whether it is one intended to be redressed by the antitrust laws; (4) the directness or the indirectness of the connection between the plaintiff's injury and the market restraint resulting from the alleged antitrust violation; (5) the speculative nature of the damages sought; and (6) the risk of duplicative recoveries or complex damages apportionment.

55 F.3d 542, 543 (10th Cir.1995) (citing *Sharp v. United Airlines, Inc.,* 967 F.2d 404, 406–07 (10th Cir.), *cert. denied,* 506 U.S. 974, 113 S.Ct. 464, 121 L.Ed.2d 372 (1992)). The third factor set forth in *Roman* requires that a plaintiff's injury must be "intended to be redressed by the antitrust laws." *Id.* Classic contends that Rural's counterclaim fails to adequately allege the requisite antitrust injury to establish its standing to pursue a private cause of action under the Sherman Act.

The heart of Rural's antitrust claim is that the Classic/Pioneer agreement enabled Classic to outbid Rural for the Sprint/United telephone system. Rural attempts to establish the anticompetitive effect of the Classic/Pioneer agreement by alleging that it caused Rural to suffer damages as a result of losing the bid for the telephone system. According to Classic, Rural's alleged injury does not result form a reduction in competition and, therefore, is not the type of injury for which the federal antitrust laws were intended to redress. The court agrees. "Whether a practice violates the antitrust laws is determined by its effect on competition, not its effect on an individual competitor." *Bright v. Moss Ambulance Service, Inc.,* 824 F.2d 819, 824 (10th Cir.1987) (citing *Richter Concrete Corp. v. Hilltop Concrete Corp.,* 691 F.2d 818, 825 (6th Cir.1982)). Injury to Rural as a competitor, therefore, does not constitute injury to Rural's ability to fairly compete; and it is the latter type of injury for which the antitrust laws were enacted to prevent. *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.,* 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977) (Antitrust laws were enacted to protect competition, not to protect competitors.).

Furthermore, simply alleging that the Classic/Pioneer agreement is a horizontal restraint on trade and therefore presumptively anticompetitive is not enough to preserve its claim absent allegations that Classic's conduct hampered Rural's ability to compete. This is particularly true in the present case, since Rural's allegation that the nature of the agreement was anticompetitive is contradicted by its allegation that, but for the agreement, Sprint/United would have received a lower price for telephone system offered for sale. Rural is essentially saying that, but for the agreement, it would have had no serious competition for the Sprint/United telephone system. This is not the kind of "distorted" bidding process, however, from which antitrust actions arise. It would thus be contrary to the purpose of the antitrust laws to permit Rural to rest its claim on allegations that the Classic/Pioneer agreement is a horizontal restraint on trade and therefore presumptively anticompetitive. The court concludes that the allegations in Rural's antitrust counterclaim, taken as true, are not sufficient to state antitrust standing.

**B. Rural's Defamation Counterclaim**

Classic also moves to dismiss Rural's defamation counterclaim. To state a claim for defamation under Kansas law, the plaintiff must plead false and defamatory words, communicated to a third person, and which result in harm to the reputation of the person defamed. *Batt v. Globe Engineering Co., Inc.,* 13 Kan.App.2d 500, 774 P.2d 371 (1989). Since Kansas no longer recognizes a cause of action for defamation *per se,* every claim for defamation requires proof of damage to the plaintiff's reputation. *Gobin v. Globe Publishing Co.,* 232 Kan. 1, 649 P.2d 1239 (1982). Classic contends that Rural's defamation counterclaim must fail because the statements complained of were true when published. The court disagrees. At this stage of the pleadings, there is sufficient doubt concerning the truth or falsity of the alleged defamatory statements to prevent the court from finding beyond doubt that Rural can prove no set of facts supporting its claim

which would entitle it to relief. The court concludes that the allegations in Rural's defamation counterclaim, taken as true, are sufficient to state a claim for defamation.

**IT IS THEREFORE BY THE COURT ORDERED** that Classic's Motion to Dismiss the Counterclaims Asserted by Rural Telephone Service Co., Inc. v. Vision Plus, Inc. (Doc. 220) is granted as to Rural's federal antitrust counterclaim and is denied as to Rural's state law defamation counterclaim.