John C. GEOLAS et al., Plaintiffs,

v.

BOY SCOUTS OF AMERICA, et al., Defendants.

No. Civ.A. 97–2223–GTV.

United States District Court, D. Kansas.

Sept. 11, 1998.

Candis L. Young, Katz & Young, L.C., Kansas City, MO, for John C. Geolas.

Daniel D. Crabtree, Stinson, Mag & Fizzell, P.C., Overland Park, KS, Brian R. Markley, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for Boy Scouts of America, Nat. Council, Central Region, Boy Scouts of America, Heart of America Council, Boy Scouts of America, David J. Ross, II, Richard Kaufman.

James D. Griffin, Victoria A. Henges, Blackwell Sanders Peper Martin LLP, Overland Park, KS, for Holly Ardinger.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Sara Stauffer.

Curtis L. Tideman, Marc K. Erickson, Lathrop & Gage L.C., Overland Park, KS, Douglas R. Dalgleish, Brian J. Madden, Lathrop & Gage L.C., Kansas City, MO, for Curtis Krizek.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiffs John Geolas and his son, Athan Geolas, bring this action against defendants Boy Scouts of America, Heart of America Council, Inc., David Ross, and Richard Kaufman for damages resulting from their denial of John Geolas' application to serve as a leader in Athan's Boy Scout pack.[1] Plaintiffs

---

1. In a June 5, 1998 order, the court granted summary judgment to defendants Curtis Krizek and Sara Stauffer.

claim that their civil rights were violated by defendants in violation of 42 U.S.C. § 1983 and that defendants engaged in a conspiracy to deprive them of their rights under the Equal Protection and Privileges and Immunities Clauses of the Constitution in violation of 42 U.S.C. § 1985(3). Plaintiff John Geolas also brings state law tort claims alleging that defendants made false and defamatory statements about him. The case is before the court on defendants' motion for summary judgment (Doc. 117). For the reasons set forth below, defendants' motion is granted.

## I. Factual Background

The following facts are either uncontroverted or are based on evidence submitted in summary judgment papers viewed in a light most favorable to the plaintiff. Immaterial facts and facts not properly supported by the record are omitted. Facts relevant to the state law defamation claims will be added as necessary.

In 1996, Athan Geolas ("Athan") was an active member of a Boy Scouts of America Pack 3291 chartered by Village Presbyterian Church in Prairie Village, Kansas. His father, John Geolas ("Geolas"), served as Athan's "adult partner" for Boy Scout troop and pack events. In March 1996, Geolas applied to become an assistant scout master. On the application, Geolas noted that he was a member of the Greek Orthodox Annunciation Church and listed a Greek priest as a reference.

By letter dated April 30, 1996, defendant Ross, Scout Executive for the Heart of America Council, revoked John Geolas' registration with the Boy Scouts and demanded that Geolas sever any relations with the organization. According to the letter, Mr. Ross took these actions because Geolas did not meet the high standards of membership sought by the Boy Scouts. Plaintiffs filed this action claiming that defendants violated their civil rights, conspired against them due to their involvement in the Eastern Greek Orthodox Church, and made false and defamatory statements about John Geolas.

## II. Summary Judgment Standards

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupportable claims or defenses, and Rule 56 should be interpreted in a way that accomplishes this purpose. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court's proper inquiry is whether there is a need for a trial; in other words, whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial ." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See id.*

## III. Discussion

### A. Section 1983 Claims

To recover under 42 U.S.C. § 1983, plaintiffs must prove that they have been deprived of a federal, constitutional, or statutory right by a person acting under color of state law. *Haines v. Fisher,* 82 F.3d 1503, 1508 (10th Cir.1996) (citing *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Atkins,* 487 U.S. at 49, 108 S.Ct. 2250 (quot-

ing *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)). Plaintiffs argue that the Boy Scouts is a state actor for purposes of § 1983, and that all other defendants should be deemed state actors due to their involvement with the Boy Scouts. The court disagrees. In fact, the court, in its June 6, 1998 order, ruled that the Boy Scouts is not a state actor. Accordingly, no other defendant can be considered a state actor simply because that party worked for or with the Boy Scouts. Summary judgment, therefore, is granted to defendants as to plaintiffs' § 1983 claims.

## B.   Section 1985(3) Claims

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff(s) of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir.1993), *cert. denied*, 510 U.S. 1093, 114 S.Ct. 925, 127 L.Ed.2d 218 (1994) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)). Section 1985(3) applies to both official and private conspiracies. However, because the court has concluded that defendants are not state actors and did not act under color of state law, plaintiffs must establish an actionable private conspiracy for their § 1985(3) claim to survive. In order to succeed on their § 1985(3) claim for a private conspiracy, plaintiffs must show:

1.   that the conspiracy is motivated by a class-based invidiously discriminatory animus; and

2.   that the conspiracy is aimed at interfering with rights that by definition are protected against private, as well as official encroachment.

*Id.* Plaintiffs are unable to establish either element. First, plaintiffs have provided the court with no evidence that defendants were motivated by a discriminatory animus toward plaintiffs' religion. Second, plaintiffs have failed to establish a violation of a right protected against private infringement.

The court, after reviewing the complaint and the summary judgment papers, concludes that plaintiffs are alleging violations of First and Fourteenth Amendment rights. In *Tilton*, the Tenth Circuit held that the First and Fourteenth Amendments "do not erect a shield against merely private conduct however discriminating or wrongful." *Id.* 6 F.3d at 687. Therefore, alleged conspiracies to infringe First or Fourteenth Amendment rights are not a violation of § 1985(3) unless it is alleged or proved that the state was involved. *See id.* Because plaintiffs have failed to establish an actionable § 1985(3) claim, summary judgment is granted to defendants.

## C.   Defamation Claims

John Geolas also claims that defendants made false and defamatory statements concerning his personal and professional life. From the summary judgment papers, the court concludes that ten statements comprise Geolas' entire defamation claim. In a footnote to paragraph thirteen of defendants' statement of uncontroverted facts, defendants state that, at the pretrial conference, Magistrate Judge Newman required plaintiff to identify every defamatory statement he was alleging. In response to Judge Newman's instruction, plaintiff identified ten allegedly defamatory statements. These statements are listed as paragraphs thirteen through twenty-two of defendant's statement of uncontroverted facts. Plaintiff did not controvert these ten uncontroverted facts or the attached footnote.[2] Accordingly, the facts contained therein will be deemed true for purposes of this motion. A review of the ten statements shows that eight of the statements allegedly were made on or before April 30, 1996, and the final two statements allegedly were made in July 1996.

### 1.   Statements Made Prior to May 2, 1996

In Kansas, the statutory period for bringing a defamation claim is one year. K.S.A. 60–514(1). This lawsuit was filed on May 2, 1997. Defendants assert that the

---

2.   *See* D.Kan.Rule 56.1 ("All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary

judgment unless specifically controverted by the statement of the opposing party.").

eight statements allegedly made on or before April 30, 1996 are barred by the applicable statute of limitations. The court agrees. The normal discovery accrual rule does not apply to claims of defamation. *Hobson v. Coastal Corp.,* 962 F.Supp. 1407, 1410 (D.Kan.1997); *Rinsley v. Brandt,* 446 F.Supp. 850, 852-53 (D.Kan.1977). The statute of limitations commences to run from the date the allegedly defamatory statement is uttered or published; it is immaterial when Geolas contends that he actually learned of the utterance or publication. *See Hobson,* 962 F.Supp. at 1410; *Curtright v. Ray,* No. 90-2034-V, 1991 WL 179385, at *4 (D.Kan. Aug. 23, 1991) (unpublished opinion); *Stephens v. Van Arsdale,* 227 Kan. 676, 608 P.2d 972, 986 (1980). Summary judgment is granted to defendants as to the eight defamation claims stemming from the statements made prior to May 2, 1996.

### 2. Statements Made After May 2, 1996

According to defendants' statement of uncontroverted facts twenty-one and twenty-two, Geolas claims that he was twice defamed after May 2, 1996:

21. On July 8, 1996, John Mosby wrote William McElroy, advising that [Heart of America Council's] position regarding the reinstatement of Geolas had not changed. In light of material already in [the Boy Scout's] possession, [Heart of America Council's] felt that Geolas does not meet the membership standards as set forth by the [Boy Scouts].

22. On July 17, 1996, William McElroy wrote Geolas, stating that the Regional Standards of Leadership Committee decided to uphold the actions to [Heart of America Council's] in denying Geolas' appeal. The letter was [also] mailed to Ross, Kaufman, and Pack 3291 on July 17, 1996. The contents of the letter were communicated by Ross, Mosby, and [Heart of America Council's] to Kaufman, Krizek, Bob Bliss, and other parents connected with Pack 3291.

As stated above, plaintiff did not contest these facts. Defendant claims these statements are not actionable because they are neither false nor defamatory.

"Under Kansas law, the tort of defamation, which includes both libel and slander, includes three elements: '(1) false and defamatory; (2) communication to a third party; and (3) ... harm to the reputation of the person defamed.'" *Lawrence–Leiter and Co. v. Paulson,* 963 F.Supp. 1061, 1065-66 (D.Kan.1997) (quoting *Batt v. Globe Eng'g Co., Inc.,* 13 Kan.App.2d 500, 504, 774 P.2d 371 (1989)). In *Ruebke v. Globe Communications Corp.,* the Kansas Supreme Court held that:

> [f]or there to be liability for defamation, there must be a publication of a matter that is both defamatory and false. In civil actions for libel where the defendant establishes the truth of the matter charged as defamatory, the defendant is justified in law, and exempt from all civil responsibility. Where the published statements are substantially true, there is no liability....

241 Kan. 595, 598, 738 P.2d 1246 (1987). "Consequently, truth is a complete defense." *Lawrence–Leiter,* 963 F.Supp. at 1066 (citing *High v. A.J. Harwi Hardware Co.,* 115 Kan. 400, 405, 223 P. 264 (1924)).

There is nothing in the record to indicate that the alleged statements contained in the above uncontroverted facts are false. Furthermore, they are not defamatory. The July 8, 1996 statement does not explain or mention why Geolas was not reinstated. The July 17, 1996 statement does not discuss why Geolas was seeking an appeal or why such an appeal was denied. Furthermore, Geolas provides the court with no evidence that the July 17, 1996 letter was published to anyone other than himself. In fact, plaintiff admits that this letter was never published through his failure to controvert defendants' statements of uncontroverted fact concerning this letter. *See* D.Kan. Rule 56.1. Defendants' motion for summary judgment is granted as to the claims stemming from the two statements made after May 2, 1996.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Docs. 117) is granted.

**IT IS SO ORDERED.**